Filed 5/31/23  P. v. Martin CA2/2
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOEL MARTIN,<br><br>    Defendant and Appellant. | B306008<br><br>(Los Angeles County<br>Super. Ct. No. KA089862) |

THE COURT:

In April 2020, appellant and petitioner Joel Martin (defendant) appealed from an order denying his petition for resentencing pursuant to Penal Code section 1170.95, since renumbered 1172.6.[1]  His appointed counsel filed a brief

---

[1]    Effective June 30, 2022, Penal Code former section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats.

pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues and requesting this court to independently review the record for arguable issues.  We notified defendant of his counsel's brief and gave him leave to file his own brief or letter stating any grounds or argument he might wish to have considered. Defendant filed a supplemental brief, that we evaluated and considered, but in accordance with our decision in *People v. Cole* (2020) 52 Cal.App.5th 1028, 1038–1040, we did not conduct an independent review.  After considering defendant's supplemental brief, we affirmed the order denying his petition.

The California Supreme Court granted review of our decision, and transferred the matter to this court "with directions to vacate the decision and reconsider whether to exercise its discretion to conduct an independent review of the record or provide any other relief in light of *People v. Delgadillo* (2022) 14 Cal.5th 216, 232–233 & fn. 6." (*People v. Martin* (March 29, 2023, S267770).)

After the matter was transferred, the People, appointed counsel, and defendant each filed a supplemental brief. Appointed counsel again found no arguable issues, but requested we conduct an independent review of the trial record in light of recent authority.  The People contend the trial court's error was harmless and again ask we affirm the summary denial.  In his supplemental brief, defendant also requests an independent review of the trial record and contends the enhancements

---

2022, ch. 58, § 10.)  We will refer to the section by its new number.

All further statutory references are to the Penal Code, unless otherwise indicated.

imposed on his sentence under section 12022.53 were unauthorized.[2]

Rather than conduct an independent review of the entire record, we reconsider the matter in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), published after our vacated opinion, as well as other authorities clarifying the procedures under subdivisions (b) and (c) of section 1172.6.  Upon doing so, we conclude the trial court erred in finding defendant ineligible for relief under 1172.6 as a matter of law based upon the firearm enhancements alleged under section 12022.53.  Accordingly, we reverse the order denying defendant's petition and remand with directions.

In accordance with the Supreme Court's order, we hereby vacate our decision filed February 10, 2021, and issue this opinion in its place.

## BACKGROUND

In 2010, defendant was charged with murder in the shooting death of Carlos Espinoza, in violation of section 187, subdivision (a).  The information alleged pursuant to section 12022.53, subdivisions (b), (c), and (d), that defendant personally

---

[2]    Defendant argues that the enhancements should be dismissed, as they were based upon false testimony and were discriminatory.  He also requests reconsideration of the evidence relating to heat of passion.  Defendant cites the Supreme Court's order regarding the exercise of discretion to provide other relief in light of *People v. Delgadillo, supra,* 14 Cal.5th at pages 232–233 and footnote 6 as authority.  Nothing in *Delgadillo* or section1172.6 gives this court authority to vacate any part of defendant's judgment or sentence.  These issues are more properly raised in the trial court.

used a firearm in the commission of the crime and that he personally and intentionally discharged the firearm, causing the victim's death.[3]  A jury convicted defendant of second degree murder, but deadlocked on the firearm allegations, and after declaring a mistrial, a second trial was held solely as to those allegations.  The second jury found the allegations to be true. (*Martin I*, *supra*, B232642 at p. 2.)  Defendant was sentenced to 15 years to life for the murder and a consecutive term of 25 years to life under section 12022.53, subdivision (d) for the intentional discharge of a firearm causing death.  Terms for the remaining firearm enhancements were imposed and stayed.  (*Martin I*, *supra*, B232642 at p. 2.)

In March 2020, defendant filed a section 1170.95 petition for vacatur of his murder conviction and for resentencing, alleging he was convicted of murder under the felony murder rule or the natural and probable consequences doctrine, and could not be convicted today due to the amendments to sections 188 and 189.  The trial court summarily denied the petition on April 8, 2020, based upon the first jury's verdict of second degree murder and the second jury's true finding that defendant personally used and discharged a firearm in the commission of the murder, causing death.  Defendant filed a timely notice of appeal from the order.

## DISCUSSION

After defendant's conviction, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.), which amended sections 188 and 189, the laws pertaining to felony murder and murder

---

[3]     We summarize the procedural facts set forth in our opinion in *People v. Martin* (B232642, Feb. 6, 2013 [nonpub. opn.]), which affirmed the judgment entered against defendant.

4

under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill also enacted former section 1170.95, now section 1172.6, which provides a procedure to petition for retroactive relief for those who could not be convicted under sections 188 and 189 as amended effective January 1, 2019. (See *Lewis*, *supra*, 11 Cal.5th at p. 957.)

As relevant here, defendant's petition included the three qualifying conditions specified in subdivision (a)(1) through (3) of section 1172.6, by alleging the charging document filed against him allowed the prosecution to proceed under the felony murder rule or natural and probable consequences doctrine, that he was convicted of second degree murder under the felony murder rule or the natural and probable consequences doctrine, and that he could not presently be convicted of murder because of changes to section 188 or 189 made effective January 1, 2019. The petition also alleged he was not the actual killer or a major participant who acted with reckless indifference to human life, and that the jury was instructed with regard to aiding and abetting. Defendant included other information required by section 1172.6, subdivision (b)(1), and requested appointment of counsel. Defendant also attached a statement of facts to the petition, alleging that because the first jury was unable to reach a verdict as to the firearm enhancement it indicates he was convicted of second degree murder as an aider and abettor under the natural and probable consequences doctrine. The statement further alleged that during the second trial to determine the firearm

5

enhancements the jury's true finding was the result of the trial court's removal of the issue of aiding and abetting from the jury's consideration.

As defendant's petition was facially sufficient, the trial court was required to appoint counsel, invite the prosecution to file and serve a response, and allow defendant to file and serve a reply prior to assessing whether a prima facie case for relief was made under the statute. (§ 1172.6, subds. (b) & (c); see *Lewis, supra*, 11 Cal.5th at pp. 957, 960, 962, 964.) The court was further required to accept defendant's factual allegations as true and make a preliminary assessment of entitlement to relief if the allegations were proved. Only where the record of conviction contains established facts showing that petitioner is ineligible for resentencing *as a matter of law* may the court find no prima facie showing has been made. (See *Lewis, supra*, at p. 971; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815.) "[A]s a matter of law" means that the record of conviction *conclusively* refutes the allegations of the petition without resort to factfinding, weighing of evidence, or credibility determinations. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.) For example, where the record of conviction shows no jury instructions were given regarding felony murder or the natural and probable consequences doctrine, a petitioner is ineligible for relief as a matter of law. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

The trial court did not specify the documents reviewed, but apparently relied solely upon the first jury's verdict of second degree murder and the second jury's finding true the allegation defendant personally discharged a firearm, which caused the

6

victim's death.[4]  The court explained its summary denial of the petition as follows:

> "The petitioner's indeterminate sentence rests on verdicts reached by two separate juries. The first jury convicted the defendant of murder in the second degree, but it was unable to reach a unanimous decision on the conduct enhancements alleging personal use and discharge of a firearm within the meaning of Penal Code sections 12022.53, subdivisions (b), (c) and (d).  A second jury was impaneled to retry the enhancements and found them to be true.  Accordingly, petitioner was determined to be the actual killer and consequently is not entitled to the relief sought."

In their supplemental brief filed after the Supreme Court's remand, the People argue the trial court properly considered the two verdicts because they were part of the record of conviction which, they argue, may be relied upon to deny relief at the prima facie stage.  Though the People rely on *Lewis, supra*, 11 Cal.5th at page 971 for this argument, *Lewis* made clear when the petition is facially adequate, as defendant's is here, a court is permitted to consider the record of conviction at this stage only after appointing counsel and entertaining briefing by both parties.  (*Lewis, supra*, 11 Cal.5th at pp. 964, 971–972.)  *Then*, courts may look to the record of conviction at the prima facie

---

[4]     In his first supplemental brief, filed in November 2020, defendant argued the court improperly used the preliminary hearing transcript.  It does not appear the court relied on the preliminary hearing transcript, and we have found no indication in this appellate record why the superior court clerk included the preliminary hearing transcript.

stage. *Lewis* cautioned that the " 'prima facie bar was intentionally and correctly set very low,' " and that "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

The People also assert the two verdicts establish defendant was the sole perpetrator and thus the actual killer. There is no finding in either verdict that defendant was the *sole* perpetrator. Defendant's allegation that an aiding and abetting instruction was given, which amounts to an allegation that there was an accomplice, is thus not refuted by the two verdicts.

Moreover, even if the trial court's review of the record of conviction had been proper prior to the appointment of counsel, the two verdicts alone did not refute defendant's allegation that he was convicted under the natural and probable consequences doctrine. Under the amendment to section 188, an accomplice can no longer be convicted of second degree murder under the natural and probable consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) However, implied malice murder that is not based on the natural and probable consequences is still a valid theory of murder liability. (*Id.* at p. 850–851.) Implied malice exists " 'when the killing results from an intentional act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with conscious disregard for life. [Citation.]' " (*People v. Lasko* (2000) 23 Cal.4th 101, 107.) Thus, "an aider and abettor who does not expressly intend to aid a killing can still be convicted of second degree murder if the person knows that his or

8

her conduct endangers the life of another and acts with conscious disregard for life." (*People v. Gentile,* at p. 850; see *People v. Powell* (2021) 63 Cal.App.5th 689, 712–713.)

Section 12022.53, subdivision (d) requires a finding that defendant personally fired a firearm and in so doing caused the death of the victim, but it does not require that the defendant acted either with the intent to kill or with conscious disregard to life. Thus it does not establish that defendant acted with express or implied malice aforethought. (*People v. Offley* (2020) 48 Cal.App.5th 588, 598, accord, *In re Ferrell* (2023 14 Cal. 5th 593, 604.) In *People v. Offley* the appellate court explained "[s]ection 12022.53, subdivision (d) provides that the defendant must have intended to discharge a firearm, but does not refer to an 'intent to achieve any additional consequence.' [Citation.] It is thus a general intent enhancement, and does not require the prosecution to prove that the defendant harbored a particular mental state as to the victim's injury or death. [Citations.]" (*People v. Offley, supra,* at p. 598.)

Malice is a question for the trier of fact and usually must be proved by circumstantial evidence. (See *People v. Lashley* (1991) 1 Cal.App.4th 938, 945–946; *People v. James* (1998) 62 Cal.App.4th 244, 277.) As implied malice is a subjective state of mind, it is not enough to demonstrate that a reasonable person would have been aware of the risk. (*People v. Watson* (1981) 30 Cal.3d 290, 296–297, 300.) Thus, although intentionally firing a weapon that causes death provides evidence of implied malice, it is a question of fact, not law; and factfinding is not permitted at the prima facie stage of section 1172.6. (*Lewis, supra,* 11 Cal.5th at p. 972.)

In sum, as defendant alleged the conditions for relief under section 1172.6 and the two verdict forms do not demonstrate ineligibility for relief under the statute as a matter of law, defendant must be given the opportunity to make a prima facie showing of eligibility. (*Lewis, supra*, 11 Cal.5th at p. 971; see *People v. Duchine, supra,* 60 Cal.App.5th at p. 815.) Thus the trial court must appoint counsel as requested in defendant's petition, require the prosecution file and serve a response, and allow defendant to file and serve a reply, prior to assessing whether he has made a prima facie case for relief under the statute. (§ 1172.6, subds. (b) & (c); see *Lewis, supra*, 11 Cal.5th at pp. 957, 960, 962, 964.)

## DISPOSITION

The order of April 8, 2020 denying the section 1172.6 petition is reversed and the matter remanded. The trial court is directed to appoint counsel for defendant and thereafter proceed as required by section 1172.6, subdivisions (c) and (d).

NOT TO BE PUBLISHED.

_____

LUI, P. J.   ASHMANN-GERST, J.      CHAVEZ, J.

10